UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| DONALD ENGLE, JR., et al., ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 6: 07-324-DCR |
| ) | |
| V. ) | |
| ) | |
| JAMES LONG, et al., ) | **MEMORANDUM OPIMION** |
| ) | **AND ORDER** |
| Defendants. ) | |

*** *** *** ***

This matter is pending for consideration of the Plaintiffs' joint Motion to Remand this action to Bell Circuit Court for lack of subject matter jurisdiction. [Record No. 10] More specifically, the Plaintiffs contend that complete diversity does not exist in this case due to the presence of a non-diverse Defendant, Arlie Napier. However, the removing Defendants contend that the Plaintiffs have fraudulently joined Napier to the action to defeat jurisdiction. Having reviewed the parties' briefs and the applicable law, the Court finds that the removing Defendants have failed to meet their burden in proving fraudulent joinder. Accordingly, the Plaintiffs' Motion to Remand will be granted.

**I.    Background**

This litigation arises out of an incident that occurred on the premises of Bell County Coal in Bell County, Kentucky, on August 19, 2005. At the time of the incident, Arlie Napier and Donald Slusher were employees of James Long Trucking. Donald Engle and Beve Junior Gregory were employees of Big K, Inc. James Long Trucking and Big K, Inc., are coal hauling

businesses with their principal places of businesses located in Harrogate, Tennessee. Engle, Gregory, and Slusher were having lunch in a pump house on the premises when a dump truck previously driven by Arlie Napier rolled down the hill and struck the structure, killing Gregory and Slusher and seriously injuring Engle.

The dump truck that struck the pump house was owned by James Long Trucking and insured by Mountain Laurel Assurance Company ("Mountain Laurel") under a Tennessee Commercial Auto Policy. The trucks operated by Engle and Gregory were owned by Big K, Inc. and also insured by Mountain Laurel under a Tennessee Commercial Auto Policy. The Defendants assert that the two policies contain identical language and uninsured motorist ("UM") coverage limitations of $100,000.00 for "each person" and "each accident." [Record No. 7, p. 5]

In August 2006, Plaintiffs Donald Engle, Rebecca Engle (his wife), and the heirs-at-law of the estate of Beve Junior Gregory filed separate actions in Bell Circuit Court against Arlie Napier and James Long Trucking alleging tort claims in connection with the accident. The Bell Circuit Court consolidated the two actions on October 30, 2006. Subsequently, on February 28, 2007, Mountain Laurel filed a complaint for declaratory relief in the Eastern District of Tennessee seeking a judgment that the Plaintiffs in the Bell Circuit Court action were not entitled to UM benefits under the Mountain Laurel Policy issued to Big K, Inc.[1]

---

[1]  According to Mountain Laurel, it filed the action in Tennessee federal court because United States District Judge Karen K. Caldwell had previously ruled that the proper venue for determining whether Donald Slusher's estate was entitled to UM coverage under the James Long Trucking policy was the Eastern District of Tennessee. In that case, the estate of Donald Slusher had filed a coercive action in Bell Circuit Court seeking UM benefits under the James Long Trucking Policy, and Mountain Laurel removed the action to the this Court on the basis of diversity jurisdiction. Mountain Laurel had already filed a declaratory action in the Eastern District of Tennessee in connection with Slusher's claims and filed a motion to transfer the removed

Thereafter, on August 17, 2007, the Plaintiffs filed the current action in Bell Circuit Court against Defendants Arlie Napier, James Long Trucking, Mountain Laurel, and Progressive Insurance Company[2], alleging claims for negligence, gross negligence, negligent entrustment, respondeat superior, UM benefits, and underinsured motorist ("UIM") benefits. [Record No. 1] On that same date, the Plaintiffs filed a motion to consolidate the new action with the already-pending tort action in Bell Circuit Court. According to the Plaintiffs, "[t]he primary reasons for filing this separate lawsuit was to avoid any statute of limitations issues and to allege underinsurance claims." [Record No. 9, p. 2] A hearing was scheduled on the motion to consolidate for September 24, 2007.

However, on September 19, 2007, Mountain Laurel removed the action to this Court, alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332. In its Notice of Removal, Mountain Laurel claims that the Plaintiffs improperly re-asserted their state-law claims against Napier to defeat diversity jurisdiction, and that Napier is not a necessary party to the UM claim.[3] As a result, Mountain Laurel claims that Napier has been fraudulently joined to the action.

In response, the Plaintiffs filed the motion to remand which is presently before this Court. They claim that Napier is a proper party to the action "because the injuries sustained by the Plaintiffs were the direct and proximate result of Arlie Napier's actions as driver of a truck for

---

action to Tennessee. Judge Caldwell granted the motion, finding that Tennessee law governed the contract dispute and that Tennessee was the more appropriate venue for the declaratory action.

[2]   The Plaintiffs contend that Progressive Insurance Company and Mountain Laurel are indistinguishable entities and that Mountain Laurel sold a Progressive policy to James Long Trucking. [Record No. 10]

[3]   The Plaintiffs are all citizens of Kentucky, as is Defendant Arlie Napier.

James Long Trucking." [Record No. 10, p.1] The Plaintiffs contend that, regardless of whether Napier is a proper party to the UM action, he is an "indispensable party" to the state-law claims, including negligence and gross negligence.

## II. Discussion

"Under 28 U.S.C. § 1447(c), a district court must remand a removed case if it appears that the district court lacks subject matter jurisdiction." *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 913 (6th Cir. 2007). The statute authorizing removal, 28 U.S.C. § 1441, provides that an action is removable only if it could have been brought initially in federal court. In determining the appropriateness of remand, a court must consider whether federal jurisdiction existed at the time the removing party filed the notice of removal. *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996).

A federal court has original "diversity" jurisdiction where the suit is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of costs and interest. 28 U.S.C. § 1332(a). In determining whether diversity jurisdiction exists in a given case, the Supreme Court has "read the statutory formulation 'between . . . citizens of different States' to require complete diversity between all plaintiffs and all defendants." *Lincoln Property Co. v. Roche*, 546 U.S. 81, 126 S. Ct. 606, 613 (2005) (*citing Strawbridge v. Curtiss*, 7 U.S. 267, 3 Cranch 267 (1806)). "When the question is which of various parties before the court should be considered for determining whether there is complete diversity of citizenship, that question is generally answered by the application of the 'real party to the controversy' test." *Certain Interested Underwriters at Lloyd's v. Layne*, 26 F.3d 39, 42 (6th Cir. 1994). Under the real

-4-

party to the controversy test, a court may ignore the presence of non-diverse "nominal" or "formal" parties who are not "real parties in interest" for purposes of determining jurisdiction. *Id.* (citing *Salem Trust Co. v. Manufacturers' Fin. Co.*, 264 U.S. 182, 190 (1924)).

Here, the Defendants contend that jurisdiction is proper because the non-diverse Defendant has been fraudulently joined to the action. The burden of establishing fraudulent joinder is on the Defendants as the removing party. *Saltire Industrial, Inc. v. Waller, Lansden, Dortch & Davis, PLLC*, 491 F.3d 522, 530 (6th Cir. 2007) (quoting *Jerome-Duncan, Inc. v. Auto-By-Tel*, LLC, 176 F.3d 904, 907 (6th Cir. 1999)). To succeed on a claim of fraudulent joinder, the Defendants must show that the fraudulently-joined party is not a real party to the controversy; that is, "that 'there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law.'" *Id.* (quoting *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940 (6th Cir. 1994).

Despite the misnomer, fraudulent joinder does not require any showing of improper motive or fraud. *Id.* (citing *Jerome-Duncan, Inc.*, 176 F.3d at 907). Rather, the relevant consideration is simply whether a valid cause of action has been stated against the allegedly fraudulently-joined party under the facts alleged. As the Sixth Circuit explained in *Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999),

> the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law. However, if there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, this Court must remand the action to state court. The district court must resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the non removing party. All doubts as to the propriety of removal are resolved in favor of remand.

*Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).

In the present case, the Plaintiffs' Complaint clearly states several colorable claims against the non-diverse Defendant, Arlie Napier, under the facts alleged. In particular, the Complaint asserts a claim for the "Negligence of Arlie Napier" under Count 1 and the "Gross Negligence of Arlie Napier" under Count 2. [*See* Record No. 1] These claims are supported by the facts, and there is no reason to believe that the Plaintiffs will be precluded by law from recovering against Defendant Napier.

Additionally, although Mountain Laurel contends that the Plaintiffs have improperly re-alleged the claims against Napier to defeat diversity jurisdiction, the record reflects that these claims are not barred by *res judicata* or collateral estoppel. "[U]nder the *res judicata* doctrine, 'a final judgment on the merits bars further claims by parties or their privies based on the same cause of action.'" *United States v. Vasilakos*, 508 F.3d 401, 406 (6th Cir. 2007) (quoting *Montana v. United States*, 440 U.S. 147, 153 (1979)). Similarly, "[c]ollateral estoppel precludes relitigation of issues between parties or their privies previously determined by a court of competent jurisdiction." *Id*. (citing *Montana*, 440 U.S. at 153).

Here, no final judgment or determination has been made on the state law claims or the UM claims, and therefore, neither *res judicata* nor collateral estoppel is applicable. In fact, contrary to Mountain Laurel's argument, the fact that the same state law claims are already pending in Bell Circuit Court weighs in favor of remand, as that court is in the best position to evaluate the claims and any motions to consolidate. The record reflects that at the time Mountain Laurel removed the action to this Court, a motion to consolidate had already been filed

and was scheduled for hearing.

Accordingly, because this Court must construe any factual and legal ambiguities in favor of remand, *see Coyne*, 183 F.3d at 493, and because there is no reason to believe that the Plaintiffs will be unable to recover against Defendant Napier under the facts alleged, this action must be remanded to Bell Circuit Court for further proceedings. Mountain Laurel has failed to meet its burden in proving fraudulent joinder as to Defendant Napier, and this Court lacks jurisdiction due to the presence of the non-diverse Defendant.

### III. Conclusion

For the foregoing reasons, it is hereby **ORDERED** as follows:

1. The Plaintiffs' Motion to Remand [Record No. 10] this action to Bell Circuit Court is **GRANTED**.

2. Mountain Laurel Assurance Co.'s Motion to Dismiss [Record No. 7] is **DENIED**, as moot.

3. This matter is **REMANDED** to the Bell Circuit Court for further proceedings.

This 9th day of April 2008.



Signed By:
*Danny C. Reeves* DCR
United States District Judge